HOTEL CHARLEVOIX COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES J. HIGGINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BEN B. JACOB, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21826, 30008, 30082. Promulgated February 17, 1931.

*Arthur J. Lacy, Esq.*, for the petitioners.
*Hartford Allen, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The determinative issue in these cases is whether the transaction, under the terms of which Hotel Charlevoix Company sold its assets to Realty Mortgage Company and Higgins and Jacob sold their stock in the hotel company to the same purchaser, occurred in 1921 or 1922. Counsel for the Government concedes that if it occurred in 1921 there is no liability on the part of any of the petitioners as no deficiencies were determined for that year.

The evidence, which consists of voluminous oral testimony, canceled checks, vouchers, auditor's reports, corporate minutes, and other written evidence, together with the assignment executed by the Hotel Charlevoix Company to Realty Mortgage Company dated June 23, 1921, and transferring the right, title and interest of the petitioner, Hotel Charlevoix Company, in and to the Grinnell Realty Company contract, clearly establishes that the entire transaction took place in June, 1921. The assignment was delivered to and accepted by the Realty Mortgage Company and that company proceeded to take possession of and operate the hotel until its subsequent sale to the Park Boulevard Building Company. The purchaser forthwith proceeded to adjust and cancel the loans and indebtednesses incurred by the previous management and to pay the amounts due under the assignment agreement on account of advances previously made by petitioners, Jacob and Higgins.

Under the terms of the agreement entered into in June, 1921, the Realty Mortgage Company also purchased the entire outstanding stock of Hotel Charlevoix Company, including that owned by petitioners Higgins and Jacob. The stock was paid for during 1921, 1922 and 1923. The fact that the purchaser failed to pay the entire purchase price at the time of sale, or even during the year 1921, is of no material significance, however. The sale was completed in June, 1921, and if any tax liability arose it was fixed at that time.

The entire transaction involved in these cases having taken place in June, 1921, under respondent's concession there is no liability on the part of any of the petitioners.

*Judgment will be entered for the petitioners.*